J-S59023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHICON J. JORDAN | : | |
| | : | |
| Appellant | : | No. 313 EDA 2017 |

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0002854-2013

BEFORE:   BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                       **FILED DECEMBER 26, 2017**

Shicon J. Jordan appeals from the order entered December 20, 2016, in the Court of Common Pleas of Monroe County, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Jordan argues the PCRA court erred in failing to find trial counsel ineffective for failing to raise *Commonwealth v. Spenny*, 128 A.3d 234 (Pa. Super. 2015), regarding the calculation of his prior record score, at his resentencing hearing, held on April 26, 2016.  At resentencing, Jordan received an aggregate term of 74 to 148 months'

_____

[*] Former Justice specially assigned to the Superior Court.

incarceration.[1]   After a thorough review of the submissions by the parties,

relevant law and the certified record, we affirm.

The PCRA court related the following relevant information regarding the

underlying matter.

> [V]ideo surveillance footage showed that on November 2, 2013,
> [Jordan] and a female entered a Quality Inn hotel in Stroudsburg,
> Pennsylvania at approximately 7:23 p.m. and left at
> approximately 7:42 p.m. with a television.  At about 10:00 p.m.
> on the same evening, a security guard in the same hotel found
> [Jordan] and the female in Room 239.  There had been a guest in
> Room 239 the previous evening, but he had checked out on the
> morning of November 2nd.  Room 239 was not registered to any
> person at 10:00 p.m., and [Jordan] had no authority to be in this
> room.
>
> The security guard found two televisions in Room 239, one of
> which was behind a curtain.  Hotel personnel discovered that
> televisions were missing from Rooms 237 and 240.  One had been
> removed from the hotel in the incident between 7:32 and 7:42
> p.m.; the other was found behind the curtain in Room 239.  There
> was no evidence that any person other than [Jordan] or his female
> accomplice was in Room 237 or 240 when these rooms were
> burglarized.

PCRA Opinion, 12/20.2016 at 1-2.

Jordan was convicted of the charges listed above and on September 23,

2014, received an aggregate sentence of 91 to 182 months' incarceration.

Jordan filed a direct appeal, claiming his sentence was improperly based upon

an erroneous offense gravity score (OGS) for the burglary charge.  A panel of

our court agreed with Jordan, vacated the sentence and remanded the matter

---

[1] On July 3, 2014, a jury convicted Jordan of Burglary, Criminal Trespass, Theft by Unlawful Taking, Attempted Theft, and Receiving Stolen Property.  18 Pa.C.S. §§ 903(a), 3503(a)(1)(i), 3921(a), 901(a), and 3925(a), respectively.

for resentencing. *See Commonwealth v. Jordan*, 2016 WL 417415, filed 2/2/2016 (memorandum decision). On April 26, 2016, Jordan was resentenced to a term of 74 – 142 months' incarceration.

Between imposition of Jordan's original sentence in 2014 and his resentencing in 2016, a panel of our Court decided *Commonwealth v. Spenny*, 128 A.3d 234 (Pa. Super. 2015), which set forth the methodology for determining a defendant's prior record score (PRS), when that score is based upon out of state convictions. All of Jordan's prior convictions were out of state. Despite this fact, Jordan's counsel did not raise *Spenny* at the resentencing. Accordingly, he now claims counsel was ineffective for failing to challenge his prior record score pursuant to *Spenny*. This argument is unavailing.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Washington*, 927 A.2d 586, 593 (Pa. 2007).

Jordan has raised a single claim of ineffective assistance of counsel.

In reviewing these claims, we are guided by a well-settled framework:

Counsel is presumed to have been effective. To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

If a petitioner fails to prove any of these [three] prongs, his claim fails.

***Commonwealth v. Grove***, 170 A.3d 1127, 1138 (Pa. Super. 2017) (citations and quotation marks omitted).

We relate two reasons why Jordan's argument fails. First, Jordan has failed to demonstrate any prejudice for trial counsel's failure to argue ***Spenny***. He points to nothing in his prior record that would have been altered by a ***Spenny*** analysis. If a ***Spenny*** analysis would not alter Jordan's PRS, and Jordan has suffered no prejudice, then the failure to raise the issue before the resentencing court cannot constitute ineffective assistance of counsel. ***See Grove***, ***supra***.

Second, the trial court conducted an analysis of Jordan's PRS, and the method used by Probation Officer Rebecca Hamar to calculate the number as 5 which the trial court relied upon in fashioning Jordan's sentence. The trial court reasoned as follows:

> Probation Officer Rebecca Hamar testified at the October 17, 2016 PCRA hearing that she prepared a PSI [Pre-Sentence Investigation] in this matter and calculated [Jordan's] prior record score to be a five. Ms. Hamar testified that she was familiar with the requirements of 204 Pa.Code § 303.8, and applied the requirements thereof in calculating [Jordan's] prior record score. Specifically, [Jordan] had an out of state conviction, Criminal Sale of a Controlled Substance, which had a Pennsylvania equivalent, which carried two points. [Jordan] also had an out of state felony conviction for Robbery. Although there are Pennsylvania equivalents to Robbery, Officer Hamar did not have specific facts concerning this conviction, and therefore assigned the lowest number of prior record score points for this conviction, one, in conformance with ***Spenny***. [Jordan] was also given an additional

two points for five other out of state convictions.[3] Although all of these convictions were listed as felonies, Officer Hamar did not have the specific facts and therefore treated them as misdemeanors. This calculation of the prior record score, as set forth in greater detail in the PSI on page 1 and 15, was done in compliance with 204 Pa.Code § 303.8[(f)] and **Spenny**.

Therefore, the prior record score calculation for sentencing purposes was accurate and legal. As such[,] arguing **Spenny** would have been meritless and Counsel cannot be found ineffective for failing to argue a baseless or meritless claim.

[3] [Jordan] was convicted in New York state of the following: Criminal Possession of a Controlled Substance, Promoting contraband to Prisoners, and three separate convictions for Knowingly Make/Possess Dangerous Contraband in Prisons.

PCRA Court Opinion, 12/20/2016, at 4-5.

Our review of Jordan's brief, the certified record and relevant law leads us to find the PCRA court's order denying Jordan relief is supported by the record and free from legal error.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>9/29/2017</u>

- 5 -